STATE OF VERMONT
CHITTENDEN COUNTY, SS.

CHITTENDEN COUNTY CLERK
FILED IN CLERKS OFFICE

JUN - 4 2002

DIANE A LAVALLEE
CLERK

LAURIE PELCHER )
d/b/a VERMONT HOME INTERIORS )
)
)
v. )          **Chittenden Superior Court**
)          **Docket No. S 0700-01 CnC**
)
)
FURNITURE PARTNERS, INC. )

## FINDINGS OF FACT AND CONCLUSIONS OF LAW
### Motion for Enforcement

This matter came before the court for a hearing on the merits on March 19 and May 14, 2002. Plaintiff is represented by Helen Torino, Esq. Defendant is represented by Carl Lisman, Esq.

On June 13, 2001, this court issued an Order enjoining the Defendant from further use of the name Vermont Home Interiors, which is the business name which Plaintiff had established that she had the exclusive right to use. In addition, the Order required Defendant to take all reasonable steps to remove its use of the name "Vermont Home Interiors" from public view at its store in Shelburne, and to not display any advertisement using the name "Vermont Home Interiors" in any advertising medium, including, but not limited to, Verizon's Chittenden County Yellow Pages.

The case is now before the court on Plaintiff's Motion for Enforcement of the Injunction Order.

### Findings of Fact

The Injunction Order was entered by this court on June 13, 2001.

On June 23, 2001, Defendant removed the word "Interiors" from the external signage outside its business premises. On June 25, 2001, Defendant applied to reserve the business name "Classic Home Furnishings," which is the business name it has since adopted. On June 26, 2001, Defendant ordered stamps and other supplies with the name Classic Home Furnishings to implement change of its business name.

On July 21, 2001, a full page advertisement appeared in the Burlington Free Press announcing the Grand Opening of Defendant's store. It advertised Defendant's business

1

improperly as "Vermont Home Interiors" in violation of the Injunction Order of June 13, 2001. Defendant claims that the mistake was made by the Burlington Free Press itself, but the evidence establishes that the proof of the ad would have been submitted to Defendant for its approval prior to the running of the ad in the paper. No matter how the error came about, Defendant had the opportunity to correct the error and failed to do so. The error constituted a serious violation of the Injunction Order, as it perpetuated in a very public and preventable manner the confusion in the public eye between the two businesses.

In July, Defendant was still accepting checks made out to Vermont Home Interiors, and was still issuing checks with the printed name Vermont Home Interiors. Although it had ordered new checks, they did not arrive until mid-July. Thereafter, Defendant, which writes 200-300 checks per month, wrote approximately a dozen checks on check forms with the business name Vermont Home Interiors before stopping that practice in late October. While some checks were for internal business transfers, others were to pay external accounts. An October 31 check was payable to the Town of Shelburne. This constituted a public display within the community of the continued use of the name Vermont Home Interiors. The continued use of these checks, while a small portion of the check usage of the Defendant during that period, perpetuated the confusion of members of the public between the two businesses, and was done in violation of the Injunction Order.

On August 13, 2001, two months after the Injunction Order and at least six weeks after reserving the name Classic Home Furnishings, Defendant finally registered the business name Classic Home Furnishings.

In late August, Plaintiff, who maintained a business checking account at the Chittenden Bank in the name of Vermont Home Interiors, learned inadvertently that there were two accounts under that same name at the Chittenden Bank, hers and another that was Defendant's. Defendant had not yet changed its name on its bank account. It did so on August 29, 2001. The corporate resolution changing Defendant's name is dated September 18, 2001.

Twice in October, Defendant accepted payment checks from customers made out to Vermont Home Interiors.

The telephone book that came out in the fall of 2001 used the name Vermont Home Interiors in connection with the Defendant's business. While Plaintiff does not dispute that the book was in print before Defendant could change the name after the June 13, 2001 Order, the evidence of the Defendant does not establish that it took affirmative action to ensure that telephone company information would be correct until March 20, 2002, after the first day of trial on this motion. During the summer of 2001, after the Injunction Order, a customer calling the telephone information number for Plaintiff's store received the telephone number for Defendant's store. There was no change until Plaintiff brought it to Defendant's attention.

The evidence shows that customers and delivery persons alike retained some confusion

2

about the two businesses, and both businesses experienced contacts from customers who were calling the wrong business, or received deliveries from shippers to the wrong address.

In December 2001, Plaintiff discovered that Defendant was still using some invoice forms with the name Vermont Home Interiors. When she called to complain, she was told that at Defendant's retail store, the old invoices were still in use, and clerks were instructed to cross out the old name on the printed invoice.

## Conclusions

Defendant claims that it acted reasonably in changing its business name, and that any uses of the name after June 13, 2001 were not intentional or had minimal impact or were not Defendant's fault. While it appears that Defendant took steps to change its business name, its conduct in complying with the Injunction Order, and the pace of its efforts to comply, was insufficient. Defendant allowed a series of lapses to occur with the effect of perpetuating confusion to the detriment of Plaintiff and her business. The conduct was within Defendant's control. Given the continuation of these lapses over a period of six months and in a variety of manifestations (use of checks, use of invoices, retaining a bank account under Plaintiff's business name, failing to correct telephone directory information, prominent newspaper ad with Plaintiff's business name ), the Grand Opening full page newspaper ad being the most serious and entirely preventable by Defendant, it was reasonable for the Plaintiff to have to return to court for enforcement to assure compliance with the Injunction Order.

Plaintiff has proven that she incurred attorneys fees in connection with this enforcement action. While most of her fees are reasonable, a portion of those fees are disallowed (portions of the entries on 3/7, 3/8, 3/14, 3/17, and 3/18) as relating to time spent on obtaining evidence from a bank about account information in a manner not entirely in conformity with the requirements of the statute. The remainder of the fees, in the total amount of $2,259.61, are allowed.

## ORDER

For the foregoing reasons, Plaintiff's Motion is *granted*.

Judgment is entered for the Plaintiff in the amount of $2,259.61 for reasonable attorneys fees for enforcement of the Order of June 13, 2001.

Dated at Burlington this 4 of June, 2002.

_____
Hon. Mary Miles Teachout
Superior Judge, presiding

3